**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **JENNIFER HILL,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FLORIDA POP, LLC d/b/a POPEYE'S LOUSIANA KITCHEN,**<br><br>    **Defendant.** | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jennifer Hill ("Hill" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Florida Pop, LLC d/b/a Popeye's Louisiana Kitchen ("the Company" or "Defendant"), and states as follows:

## PARTIES

1. Plaintiff Hill is an individual 18 years of age or older and is thus *sui juris*.

2. Hill currently resides in Hillsborough County, Florida, and did at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Defendant Company is a foreign profit company registered to do business in Florida as a Florida Limited Liability Company with its principal place of business at 3318 Forest Lane, Suite 200, Dallas, Texas 75234.

4. The Defendant owns and operates the Popeyes Louisiana Kitchen located at 10551 Big Bend Road in Riverview Florida, which is located in Hillsborough County.

5. The events or transactions out of which this claim arose occurred in Hillsborough County, Florida.

6. This is an action for damages which exceed $75,000.00, exclusive of attorneys' fees, costs, and interest.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Hill resides in Florida, the Company is based in Texas, and Hill's damages are well in excess of $75,000.00, exclusive of attorneys' fees, costs, and interest.

8. Venue is proper in the Tampa Division pursuant to 28 U.S.C. § 1391(b)(2) and Middle District of Florida Local Rule 1.02(b) because the actions in this case occurred in and accrued in Hillsborough County.

## GENERAL ALLEGATIONS

9. Hill was an "employee" as defined by section 448.101(2), *Florida Statutes*.

10. Defendant is an "employer" as defined by section 448.101(3), *Florida Statutes*.

11. Hill began her employment with the Defendant on or about March 17, 2017.

12. During her employment with the Defendant, Hill observed her co-workers drinking on-the-job and using illegal drugs.

13. The use of alcohol and illegal drugs in the fast food working environment posed a safety hazard to Hill and the other employees of the Defendant due to the cooking processes being used at the restaurant.

14. Hill also learned that her former co-worker, Leo Henry ("Henry"), had been fired after complaining to Defendant's management team about the safety violations, including the illegal drug use, that he observed.

15. Hill reasonably believed that the consumption of alcohol and use of illegal drugs, which compromised safety, and the termination of Henry's employment, were violations of law.

16. Store Manager Bernard Robinson ("Robinson") even invited Hill to participate in the illegal drug use.

17. Hill refused to participate in the use of illegal drugs, which would have compromised the safety of the work environment.

18. Hill met with Robinson to voice her objection to the safety violations she witnessed, along with her objection to the unlawful termination of Henry.

19. Robinson replied to Hill's objections by terminated her employment, stating "if you don't like the way things are being run here, then you can go. You're too smart for your own good."

## COUNT I (VIOLATION OF SECTION 448.102. *FLORIDA STATUTES*)

20. Hill reaffirms and realleges paragraphs 1-19, above.

21. The use of illegal drugs and/or consumption of alcohol in a restaurant, where hot grease is being used, is dangerous, and violate the Occupational Safety and Health Act's general duties clause (29 U.S.C. § 654(a)(1)).

22. When Hill rejected Robinson's offer to use illegal drugs during work hours, and when she objected to the consumption of alcohol and use of illegal drugs by her co-workers, she was engaging in protected activity within the meaning of section 448.102(3), *Florida Statutes*.

23. Drinking on the was invoking the Occupational Safety and Health Act's general duties clause (29 U.S.C. § 654(a)(1)).

24. Furthermore, when Hill objected to the Defendant's termination of Henry's employment, which violated the Florida Private Sector Whistle-blower's Act, she was also engaging in protected conduct.

25. Immediately after engaging in protected conduct, Hill was terminated, which is an adverse action.

26. Accordingly, the Defendant violated the Florida Private Sector Whistle-Blower's Act by terminating Hill's employment in retaliation for her protected conduct.

27. The Defendant's retaliation against Hill has cause her financial, emotional, and physical harm, that harm continues to this day, and is likely to continue to the indefinite future.

28. The Company's unlawful conduct has required Hill to retain undersigned counsel to protect her rights, and she is obligated to remit fees for the same.

WHEREFORE, Hill demands that the Court enter judgment against the Company for the following:

 a. Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

 b. Back pay, including back wages and benefits through the date of trial;

 c. Hill's reasonable attorneys' fees and costs;

 d. Front pay;

 e. Nominal damages;

 f. Interest; and,

 g. Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 18th day of May, 2020.

/s/ *Shaina Thorpe*
**SHAINA THORPE**
Florida Bar No. 0055464
Primary:  shaina@thorpelaw.net
Secondary:  angel@thorpelaw.net

**THORPELAW, P.A.**
1228 East 7th Avenue, Suite 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Jennifer Hill*