# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JENNIFER HILL,

    Plaintiff,

v.                                                  CASE NO. 8:20-cv-1142-T-02AAS

FLORIDA POP, LLC, d/b/a
Popeye's Louisiana Chicken,

    Defendant.
_____/

## **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

The Court has before it the Defendant's motion to dismiss the amended complaint with prejudice. Doc. 11. Plaintiff has filed a response. Doc. 14. Defendant has filed a reply. Doc. 15. The amended complaint (Doc. 7) is clearly out of time and is not susceptible to cure. The Court grants the motion to dismiss with prejudice.

## ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff first filed this case on May 18, 2020. Doc. 1. Plaintiff alleges she was employed at the Defendant's store in Hillsborough County, Florida, and was hired about March 17, 2016. Doc. 7 ¶¶ 9, 11. She states that her termination date was on or after June 20, 2016. *Id*. ¶ 26. During her tenure she saw coworkers using drugs and drinking on the job. *Id*. ¶ 12. This was dangerous due to the

cooking processes used, hot grease, etc. *Id*. ¶¶ 13, 17, 21. She states that this unsafe environment violated the general duties clause of the Occupational Safety and Health Act ("OSHA), specifically 29 U.S.C. § 654(a)(1). *Id*. ¶ 23.

Plaintiff learned a co-worker had been fired for complaining to management about the safety violations, including drug usage. Plaintiff believed the drug and alcohol usage, which compromised safety, and the termination of this co-worker, violated the law. *Id*. ¶¶ 14, 15. The store manager invited Plaintiff to participate in the drug usage, but she refused. *Id*. ¶¶ 16, 17, 22. She met with this manager to object to the safety violations she witnessed caused by alcohol and illegal drugs in the workplace, and to protest the co-worker's firing. *Id*. ¶¶ 18, 22, 24. In doing so Plaintiff states she was invoking the OSHA general duties clause. *Id*. ¶ 23. In this meeting Plaintiff alleges the manager "replied by ostensibly terminating her employment, stating 'if you don't like the way things are being run here, then you can go. You're too smart for your own good.'" *Id*. ¶¶ 17-19. Plaintiff alleges immediately after this meeting, she believed she was terminated, but the official date is unclear. *Id*. ¶ 25. She states "[r]egardless, the ultimate termination of [her] is an adverse action and occurred on or after June 20, 2016." *Id*. ¶ 26.

Plaintiff brought a one-count amended complaint, asserting diversity jurisdiction, seeking recovery for her termination under Fla. Stat. § 448.102(3). This statute is generally known as the Florida Private Whistle-Blower Act

2

("FWA"). Plaintiff claims she was engaged in statutorily protected activity under the FWA by protesting employees' use of, and refusing the use of, alcohol and drugs on the job, by protesting the firing of a whistleblowing co-worker, and by rejecting the manager's offer of drugs in the workplace. She asserts her termination was for statutorily protected activity. That statute states:

> **448.102 Prohibitions. -**
> An employer may not take any retaliatory personnel action against an employee because the employee has. . . .(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

## ANALYSIS AND GROUNDS FOR DISMISSAL

Defendant states that Plaintiff was discharged June 20, 2016, which is the date stated in the amended complaint. Doc. 11 at 1. But the statute of limitations is two years. Thus, this lawsuit was filed almost two years out of time. *Id.*

Defendant points out that a statute of limitations issue, if apparent from the face of the complaint, is cognizable under Fed. R. 12(b)(6) at the motion to dismiss stage. *Id.* at 2, citing *Quiller v. Barclays Am./Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir. 1984)*; La Grasta v. First Union Sec., Inc.* 358 F.3d 840, 845-46 (11th Cir. 2004); *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003).

The relevant statute of limitations states:

> **448.103 Employee's remedy; relief, -**
> (1)(a)  An employee who has been the object of a retaliatory personnel action in violation of this act may institute a civil action in a court of competent jurisdiction for relief as set forth…within 2 years after

3

> discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier.

Plaintiff alleges she attended the meeting with the manager which caused her termination. Doc. 7 ¶¶ 18, 19, 24. Thus she was certainly aware of it and aware that she engaged in the activity that caused her firing. Although the amended complaint states that Plaintiff "believed she was being terminated" at that meeting, it also states her termination "occurred on or after" the meeting date of June 20, 2016. *Id.* ¶¶ 25, 26. Nowhere in this case or her pleadings does Plaintiff suggest she was terminated on or after May 18, 2018, which would bring her present lawsuit within the two-year statute of limitations. If the two-year statute of limitations found in § 448.103(1)(a) applies, this case is well barred by late filing.

The case law, and the undersigned's reading of the statute, requires a finding that Plaintiff was aware of her injury on or about June 20, 2016. She therefore had two years to file her lawsuit, not four.

When one considers the FWA statute of limitations, "a plaintiff is deemed to have 'discovered' his right to a cause of action when the plaintiff knew or should have known of the injury." *Howard v. Ditsworth*, 133 F. App'x 664, 665 (11th Cir. 2005) (citing *Lund v. Cook*, 354 So.2d 940, 941 (Fla. 1st DCA 1978)). The cause of action accrues when the plaintiff, through the exercise of "reasonable diligence" should have discovered it. *Id.* "Sheer ignorance of the existence of a cause of action does not serve to postpone the operation of a statute of limitations."

4

*Id.* In *Howard* the FWA cause of action accrued when the employee knew he was not promoted, even though it was not until he later went to law school that he realized it was statutorily actionable. 133 F. App'x at 665.

The plaintiff must have been aware of the underlying conduct supporting a claim, but awareness of the specific statutory cause of action is not necessary for the claim to accrue. *E.g., Howard*, 133 F. App'x at 665 ("The fact that he was unaware at the time of JCP's decision that a legal wrong had occurred is irrelevant, as Howard's ignorance of the existence of a cause of action under the FWA did not serve to postpone the operation of a statute of limitations.").

Here, Plaintiff attended the unfortunate meeting at which her protected conduct was retaliated against by the manager. In such a case, the two-year statute of limitations applies. *See Sanders v. Temenos USA, Inc.*, No. 16-cv-63040, 2017 WL 3336719, at *4 (S.D. Fla. Aug. 4, 2017), where the former employee alleged that he was terminated in retaliation for refusing to travel to Saudi Arabia under an improper visa. According to the former employee's allegations, "[p]laintiff was terminated during a conference call that took place on August 28, 2013—a conference call that he took part in." *Id.* The court found that the former employee's participation in the meeting clearly showed he knew of his termination on the date of the termination meeting. *Id.* As such, the court dismissed the former employee's FWA claim with prejudice because the former employee failed

to bring his claim within two years of the termination meeting.  *Id.*; accord *Bracamonte v. Parsons Transp. Group, Inc.*, No. 11-24410-CIV, 2012 WL 13014691, at *3 (S.D. Fla. July 25, 2012) (dismissing with prejudice because former employees "were well aware of the date they were terminated and their ignorance of a cause of action under the Whistleblower Act does not delay the accrual of their cause of action").

The amended complaint is out of time and due to be dismissed.  No good faith basis exists to restate it.  It is filed almost two years out of time.  In short, Plaintiff was aware of, participated in, and suffered the retaliatory action sometime about June 20, 2016.  And no good faith basis exists to contend the action accrued within two years of this May 18, 2020 lawsuit filing.

Allowing amendment would be both futile and improperly prejudicial to Defendant.  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  The motion to dismiss (Doc. 11) is granted, and dismissal is with prejudice.  The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 9, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record